**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKIE DIVISION**

**CRYSTAL RENEE NAPARALA,**

**Plaintiff,**

**CIVIL ACTION NO. 2:25-cv-01872-LA**

**V.**

**THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

**Defendant.**

---

# JOINT RULE 26(f) PLAN

---

Pursuant to the Court's Order entered on December 30, 2025 (Dkt 4) setting a telephonic Fed. R. Civ. P. 16(b) scheduling conference for February 11, 2026, at 11:00 a.m. Central Time, Plaintiff, by her attorneys, and Defendant, by its attorneys, respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f). Counsel for the parties conferred about the matters set forth below on January 15, 2026.

1. Nature of the Case. This is a civil dispute brought pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") in which Plaintiff seeks Long-Term Disability ("LTD") benefits under the ERISA-governed Plan at issue. The Defendant contends that the Plaintiff is not entitled to said benefits.

2. Statutory Basis for Jurisdiction and Venue. The parties agree that this Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1) and (f), this action being brought under ERISA. The

parties further agree that venue is proper in the United States District Court for the Eastern District of Wisconsin.

3. Names of Any Related Cases. There are no related cases.

4. Material Factual and Legal Issues to be Resolved at Trial.

The parties will attempt in good faith to agree on the contents of the administrative record. Accordingly, the primary dispute will be the proper standard of review and, depending on that standard, whether Naparala was entitled to benefits from the Plan and under the relevant Policy, as well as whether Naparala is entitled to any other remedies or penalties resulting from Defendant's administration of the Plan.

5. Amendment to the Pleadings. The parties do not anticipate amending the pleadings.

6. Identity of New Parties to be Added. The parties do not anticipate adding any new parties to the case.

7. Estimated Trial Length. Plaintiff and Defendant agree Plaintiff's claims are governed by ERISA. As such, trial should be unnecessary for the final disposition of this case and, the event that the parties do not resolve the case through settlement, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. In the unlikely event that the parties do not resolve the case through settlement or cross motions for summary judgment, the parties anticipate that it will take 8-12 hours to present the evidence in this case.

8. Possibility of Prompt Settlement. The parties intend to discuss settlement.

9. Initial Disclosures. As this is an action for review on an administrative record, this action is exempted from this requirement pursuant to F.R.C.P. 26(a)(1)(B)(i) and the parties agree to opt out of the initial disclosure requirement. Instead, the Defendant shall produce the

Administrative Record on or before February 26, 2026. Plaintiff shall have until March 26, 2026, to raise any challenge to the information, materials and/or documentation contained therein. Defendant shall file the Administrative Record by April 9, 2026.

10. Electronically Stored Information. The parties do not believe that this case involves discovery of electronically stored information (ESI). If e-discovery becomes necessary, the parties will discuss the most cost-effective and efficient use of the same.

11. Electronic Service: The parties confirm that documents filed through the Court's ECF system are served by ECF notification. The parties hereby consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(D) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

12. Confidentiality. The parties do not anticipate any disputes concerning confidentiality or claims of privilege. To the extent any such dispute arises, Fed. R. Civ. P. 26(b)(5) shall control. In the event discovery is ordered by the Court, the parties agree that all disclosures will be made pursuant to a Protective Order.

13. Orders. The parties do not presently contemplate any additional orders that should be entered by the Court under Federal Rules 16(b)-(c) or 26(c) other than the Scheduling Order. Motions made in the normal course of litigation pursuant to the Court's Orders, the Federal Rules of Civil Procedure, and the Local Rules may be filed as the case dictates.

14. Change to Limitations on Discovery Imposed by Federal Rules.

As this is an ERISA benefits case, Defendant believes no discovery beyond the Administrative Record is appropriate. Plaintiff reserves the right to seek conflict of interest

discovery. The parties anticipate that discovery can be reasonably completed on or before May 6, 2026.

15. Proposed Schedule. The parties jointly propose that the Court establish the following schedule in this matter:

| | |
|---|---|
| Deadline for Defendant to Produce Administrative Record | February 26, 2026 |
| Deadline for Plaintiff to Dispute the Administrative Record | March 26, 2026 |
| Deadline for Defendant to File Administrative Record | April 9, 2026 |
| Dispositive Motion Deadline (Cross Motions) | September 4, 2026 |
| Dispositive Motion Response Deadline (Cross Responses – No Replies Without Leave of Court) | October 2, 2026 |
| Trial – if necessary | May __, 2027<br>(To be set by the Court) |

Dated this 20th day of January 2026.

Respectfully submitted,

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

*/s/ Iwana Rademaekers*
Iwana Rademaekers (Texas Bar No. 16452560)
iwana@rademaekerslaw.com
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456

**ATTORNEY FOR DEFENDANT**

**- AND -**

**MARC WHITEHEAD & ASSOCIATES, ATTORNEYS AT LAW L.L.P.**

*/s/ Britney McDonald*
Britney Anne Heath McDonald
Tex. Bar. No. 24083158
403 Heights Boulevard

Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940
Email: britney@marcwhitehead.com

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Wisconsin, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Britney A. McDonald
Email: britney@marcwhitehead.com

January 20, 2026 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers